**IN THE UNITED STATES DISCTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

BERNARD OTERO                         :
1803 West Tremont Street              :
Allentown, PA 18104                   :          CIVIL ACTION
                                      :
        Plaintiff,                    :          CASE NO.:
                                      :
        v.                            :          **JURY TRIAL DEMANDED**
                                      :
PENNEY OPCO LLC d/b/a JC Penney       :
6501 Legacy Drive, Suite B100         :
Plano, TX 75024                       :
        and                           :
JC PENNEY CORPORATION, INC.           :
6501 Legacy Drive, Suite B100         :
Plano, TX 75024                       :
                                      :
        Defendants.                   :
                                      :

**CIVIL ACTION COMPLAINT**

Bernard Otero (hereinafter referred to as "Plaintiff," unless indicated otherwise) by and through his undersigned counsel, hereby avers as follows:

**INTRODUCTION**

1.      Plaintiff has initiated this action to redress violations by Penney OPCO LLC d/b/a JC Penney (hereinafter "JC Penney") and JC Penney Corporation, Inc. (hereinafter JC Penney Corp.") (hereinafter collectively referred to as "Defendants," unless indicated otherwise) for violations of Title VII of the Civil Rights Act of 1964 ("Title VII – 42 U.S.C. §§ 2000d et. seq.), of the Age Discrimination in Employment Act ("ADEA" – 29 U.S.C. §§ 621 et seq.), the Americans with Disabilities Act, as amended ("ADA" - 42 USC §§ 12101, et. seq.), the

1

Pennsylvania Human Relations Act ("PHRA")[1], and Pennsylvania common law. Plaintiff asserts, *inter alia,* that he experienced unlawful workplace discrimination and retaliation, culminating in his termination from Defendants. As a direct consequence of Defendants' unlawful actions, Plaintiff seeks damages as set forth herein.

## JURISDICTION AND VENUE

2.      This Court has original subject matter jurisdiction over the instant action pursuant to 28 U.S.C. §§1331 and 1343(a)(4) because it arises under laws of the United States and seeks redress for civil rights violations under Title VII, the ADA, and the ADEA.

3.      This Court may properly maintain personal jurisdiction over Defendants because Defendants' contacts with this state and this judicial district are sufficient for the exercise of jurisdiction in order to comply with traditional notions of fair play and substantial justice, satisfying the standard set forth by the *United States Supreme Court in International Shoe Co. v. Washington*, 326 U.S. 310 (1945) and its progeny.

4.      Pursuant to 28 U.S.C. §1391(b)(1) and (b)(2), venue is properly laid in this district because all of the acts and/or omissions giving rise to the claims set forth herein occurred in this judicial district.

5.      Plaintiff filed a Charge of discrimination and retaliation with the Equal Employment Opportunity Commission ("EEOC"). Plaintiff has properly exhausted his administrative proceedings before initiating this action by timely filing his Charge with the EEOC, and by filing the instant lawsuit under Title VII within 90 days of receiving a right-to-sue letter from the EEOC.

---

[1] Plaintiff's claims under the PHRA are referenced herein for notice purposes. He is required to wait 1 full year before initiating a lawsuit from date of dual-filing with the EEOC. Plaintiff must however file his lawsuit in advance of same because of the date of issuance of his federal right-to-sue letter under Title VII, the ADEA, and the ADA. Plaintiff's PHRA claims however will mirror identically his federal claims under Title VII, ADEA and ADA.

**PARTIES**

6. The foregoing paragraphs are incorporated herein in their entirety as if set forth in full.

7. Plaintiff is an adult individual, with an address as set forth in the caption

8. Defendants are headquartered in Plano, Texas.

9. Defendants are a national department store retailer located in plazas, shipping centers and malls across the United States.

10. Because of their interrelation of operations, common ownership or management, centralized control of labor relations, common financial controls, and other factors, Defendants are sufficiently interrelated and integrated in their activities, labor relations, ownership, and management that they made be treated as a single and/or joint employer for purposes of the instant action.

11. At all times relevant herein, Defendants acted by and through their agents, servants and/or employees, each of whom acted at all times relevant herein in the course and scope of their employment with and for Defendants.

**FACTUAL BACKGROUND**

12. The foregoing paragraphs are incorporated herein in their entirety as if set forth in full.

13. Plaintiff is a 55-year-old Latino man.

14. Plaintiff was hired by Defendants on or about December 9, 2024, as an Asset Protection Associate.

15. Plaintiff held the same title throughout his employment with Defendants until his wrongful termination (discussed further *infra*), on or about March 1, 2025.

3

16. At all times relevant herein, Plaintiff worked out of Defendants' Whitehall Mall location, located at 1259 Whitehall Township, Pennsylvania 18052.

17. At all times relevant herein, Plaintiff was primarily supervised by Asset Protection Manager, Matthew Schlegel (hereinafter "Schlegel").

18. Plaintiff was also generally supervised by General Manager, Mark Martin (hereinafter "Martin").

## -Sexual Harassment - Gender Discrimination – Age Discrimination -

19. Shortly after Plaintiff's hire, Plaintiff was subjected to sexually harassing, unwelcome, offensive comments/conduct and age-related discriminatory comments from Defendants' female and/or far younger (age 20s) employees, such that he was subjected to a hostile work environment.

20. For example, but not intending to be exhaustive, during Plaintiff's first week of employment, Alicia Corkley (hereinafter "Corkley") laughed at Plaintiff, mocked him by calling him "fresh meat" and stated that "the girls [Plaintiff's female coworkers] would be chasing and going after [him]."

21. Similarly, Fragrance employee, Talia Fuller (hereinafter "Fuller"), engaged in repeated unwelcome conduct including asking whether he was married, giving Plaintiff her address unsolicited, asking Plaintiff to go dumpster diving for dates, inviting Plaintiff to church and out to eat, stating that she puts castor oil all over her body, and repeatedly attempting to place products on Plaintiff's face despite Plaintiff's repeated refusals, eventually making physical contact with Plaintiff's face.

22. Fuller also referred to Plaintiff as "A Viagra commercial dad."

4

23.	After Plaintiff rejected Fuller's aforementioned advances on multiple occasions, Fuller referred to Plaintiff as "the devil."

24.	Moreover, Fragrance Manager, Keisha Perez (age 26 - hereinafter "Perez") asked Plaintiff's age, his marital status, and repeatedly spoke to Plaintiff about dating an older man and the problems she had with him.

25.	Specifically, Perez asked Plaintiff, "why do you older men act like this, just because you give good sex?"

26.	In addition to the foregoing examples of harassment by Perez, Perez attempted to set up Plaintiff with her mother.

27.	In response, Plaintiff rejected the unsolicited advances and Perez mocked Plaintiff by referring to him as an "old man."

28.	Similarly, Lead employee, Katie Kereczman (age 20/30s, hereinafter "Kereczman") suggestively informed Plaintiff that she is interested in "older and black or Latino" men, while being aware of Plaintiff's demographics.

29.	Kereczman also attempted to give Plaintiff the phone number of a Salon employee, CiCi Ruiz (age 24 – hereinafter "Ruiz"), at Ruiz's request, which Plaintiff rejected and returned it to Kereczman.

30.	In response to rejecting her phone number, Ruiz reacted in anger and became hostile towards Plaintiff initially.

31.	Thereafter, in or about mid-February of 2025, Ruiz tried giving Plaintiff her number again, stating in a sexually suggestive manner that she wanted to "get to know [Plaintiff] better," insinuating that she wanted to have sex with Plaintiff.

32. Plaintiff did his best to ignore his younger female coworker's sexual advances, clearly showing discomfort through his body language, rejections and objections, including telling all of the above-mentioned females that he was not interested in having a romantic or sexual relationship with them and wanted only to have a professional working relationship with everyone.

33. Despite being fearful of losing his job as a new employee, in or about mid-February 2025, Plaintiff complained to Schlegel of the sexually harassing, offensive, and unwelcomed treatment he was being subjected to by Defendants' female employees, as well as the aforesaid age-related comments.

34. In response to the aforesaid, Schlegel simply replied "you are fresh meat, it is part of your job, keep your head low, and give each department equal time."

35. Schlegel did not properly investigate or remedy Plaintiff's concerns and shortly following his complaint, he was unlawfully suspended and then terminated (discussed further *infra*).

### -Disability Discrimination-

36. During his employment, Plaintiff began to suffer from a disability related to his foot, which stemmed from a work-relate injury he sustained while employed with Defendants.

37. For example, on or about February 16, 2025, Plaintiff suffered a serious work-related injury when dropping a metal table on his foot while moving the table.

38. Plaintiff reported the aforementioned work-related injury to Defendants' management including Schlegel, on or about February 18, 2025.

39. Plaintiff reviewed security footage of the aforesaid work-related incident.

40. Following the review, Schlegel advised Plaintiff to "ice it" [referring to his injury].

6

41.    Thereafter, Plaintiff continued to limp and favor his right foot as a result of the aforementioned injury.

42.    As a result, Plaintiff was advised by management, including Schlegel, to "take it easy," sit in the office, and watch the monitors for theft; however, Plaintiff was still expected to intervene and respond if he observed suspected theft or shoplifting activities.

43.    Prior to his unlawful termination, Plaintiff began to treat with a doctor for his work-related injury/medical condition, which included attending physical therapy.

44.    Plaintiff continues to receive treatment for his aforementioned injury/medical condition.

### -Retaliation-

45.    After working for approximately two days following his return from a brief medical leave (discussed *supra*), Plaintiff was brought into Martin's office, on or about February 26, 2025 by Schlegel and advised that Plaintiff was being suspended for three (3) days for purportedly making an inappropriate comment to Yadiel Franceschini (age 18 – hereinafter "Franceschini"), Sales Floor Associate, and Angelo Yates (age 19 hereinafter – "Yates"), Support Associate, which was completely false and pretextual.

46.    Plaintiff had advised Yates and Franceschini to assist Kereczman's approximately 70-year-old mother (another associate) as there was concern with her falling and in order to earn "brownie points" with Kereczman.

47.    Both Franceschini and Yates believed Kereczman to be difficult and often had conflict with her. Plaintiff simply was making a suggestion that he believed would improve their working relationship with Kereczman.

48.   Plaintiff was also accused of engaging in an inappropriate conversation with a younger female employee, Sales Floor Associate, Victoria Hartzell (age 22 – hereinafter "Hartzell") about her tattoos.

49.   This reason for Plaintiff's suspension was also pretextual, as Hartzell initiated a conversation with Plaintiff regarding his tattoos and stated that she intended to get a "tramp stamp" on her next birthday.

50.   On or about February 26, 2025, during the same meeting with Martin and Schlegel, Plaintiff renewed his complaints of sexual harassment and age-related comments.

51.   Schlegel admitted in the presence of Martin that he had previously told Plaintiff he was "fresh meat."

52.   Schlegel further admitted that he told Plaintiff to keep his head down and "do his job."

53.   Martin had also relayed to Plaintiff that he had heard that Ruiz had provided Plaintiff previously with her phone number from Kereczman herself.

54.   However, Martin did not investigate Ruiz's actions or inquire whether Plaintiff felt harassed by her.

55.   Plaintiff was instructed to provide a written statement about the allegations that had been made against him regarding the above incidents with Franceschini, Yates, and Hartzell.

56.   In his statement, Plaintiff denied engaging in inappropriate conduct.

57.   On or about March 1, 2025, Plaintiff's employment was terminated for allegedly engaging in inappropriate or unprofessional conduct following a text that was sent to Schlegel while on suspension in addition to the aforesaid allegations outlined *supra*.

58. Notably, despite the fact that all the aforesaid female employees engaged in inappropriate, unprofessional, and sexually harassing behavior, none of them were terminated like Plaintiff (despite that their behavior and/or actions should have been terminable offenses).

**COUNT I**
**Violations of Title VII of the Civil Rights Act of 1964 ("Title VII")**
**([1] Sex/Gender Discrimination; [2] Sexual Harassment; [3] Retaliation)**
**-Against Both Defendants-**

59. Plaintiff incorporates the foregoing paragraphs as if fully set forth herein.

60. Plaintiff was subjected to a hostile work environment through sexual harassment in violation of Title VII.

61. Plaintiff rejected his co-workers' aforesaid sexually harassing behavior and expressed his desire to maintain a professional working relationship.

62. Plaintiff complained to Defendants' management about the aforesaid sexual harassment to no avail, and instead of properly investigating or remedying his concerns, Defendants' management dismissed such complaints and failed to take corrective action.

63. In close proximity to his complaints of sexual harassment, Plaintiff was suspended and then terminated for engaging in alleged inappropriate and/or unprofessional behavior; however, the aforesaid female employees who had consistently subjected Plaintiff to inappropriate, unprofessional, and sexually harassing remarks remained employed.

64. Plaintiff believes and therefore avers that his sex was a motivating or determinative factor in Defendants' decisions to suspend and then terminate his employment.

65. Plaintiff also believes and therefore avers that, because of his complaints of sexual harassment and/or sex discrimination, Defendants suspended him and then ultimately terminated his employment.

66.    Plaintiff asserts that Defendants' actions, as set forth above, were in violation of Title VII.

## COUNT II
## Violation of the Age Discrimination in Employment Act ("ADEA")
## (Age Discrimination & Retaliation)
### -Against Both Defendants-

67.    The foregoing paragraphs are incorporated herein in their entirety as if set forth in full.

68.    Plaintiff believes and therefore avers that he was suspended and terminated from his employment with Defendants because of his age and/or because of his complaints of age discrimination.

69.    These actions as aforesaid constitute unlawful age discrimination and retaliation under the ADEA.

## COUNT III
## Violations of the Americans with Disabilities Act, as Amended ("ADAAA")
## (Actual/Perceived Disability Discrimination)
### -Against Both Defendants-

70.    The foregoing paragraphs are incorporated herein in their entirety as if set forth in full.

71.    Towards the end of his employment with Defendant, Plaintiff began to suffer from a disability stemming from a work-related injury he sustained while employed with Defendant, which has affected his ability to perform certain daily life activities, including standing, walking, and performing other manual tasks.

72.    Plaintiff believes and therefore avers that his disability and/or perceived disability was a motivating factor in Defendants' decision to suspend him and ultimately terminate his employment.

10

73.    As a result, Plaintiff was subjected to discrimination in violation of the ADAAA.

## COUNT IV
## Common-Law Wrongful Discharge
### (Public Policy Violation)
### -Against Both Defendants-

74.    The foregoing paragraphs are incorporated herein in their entirety as if set forth in full.

75.    Upon information and belief, Plaintiff was terminated in substantial part for making claims for workers' compensation benefits and/or seeking workers' compensation benefits and/or for his work-related injuries (as discussed *supra*).

76.    It is against Pennsylvania's public policy for an employee to be terminated for making workers' compensation claims and/or seeking worker's compensation benefits. These actions as aforesaid constitute wrongful termination in Pennsylvania. *See Shick v. Shirey,* 552 Pa. 590, 716 A.2d 1231 (1997); *Rothrock v. Rothrock Motor Sales, Inc.*, 584 Pa. 297, 883 A.2d 511, 516 (2005).

77.    The temporal proximity and retaliatory animus between Plaintiff's claims for workers' compensation and his termination creates an inference that his termination was in retaliation for making such claims.

78.    These actions as aforesaid constitute wrongful termination in Pennsylvania.

**WHEREFORE**, Plaintiff prays that this Court enter an Order providing that:

A.    Defendants are to be prohibited from continuing to maintain their illegal policy, practice or custom of discriminating/retaliating against employees and is to be ordered to promulgate an effective policy against such unlawful acts and to adhere thereto;

B.    Defendants are to compensate Plaintiff, reimburse Plaintiff and make Plaintiff whole for any and all pay and benefits Plaintiff would have received had it not been for Defendants'

illegal actions, including but not limited to past lost earnings, future lost earnings, salary, pay increases, bonuses, medical and other benefits, training, promotions, pension, and seniority. Plaintiff should be accorded those benefits illegally withheld from the date he first suffered retaliation/discrimination at the hands of Defendants until the date of verdict;

C.    Plaintiff is to be awarded punitive and/or liquidated damages, as permitted by applicable law(s) asserted herein, in an amount believed by the Court or trier of fact to be appropriate to punish Defendants for their willful, deliberate, malicious and outrageous conduct and to deter Defendants or other employers from engaging in such misconduct in the future;

D.    Plaintiff is to be accorded any and all other equitable and legal relief as the Court deems just, proper and appropriate including for emotional distress;

E.    Plaintiff is to be awarded the costs and expenses of this action and reasonable legal fees as provided by applicable federal and state law;

F.    Any verdict in favor of Plaintiff is to be molded by the Court to maximize the financial recovery available to Plaintiff in light of the caps on certain damages set forth in applicable federal law; and

G.    Plaintiff's claims are to receive a trial by jury to the extent allowed by applicable law. Plaintiff has also endorsed this demand on the caption of this Complaint in accordance with Federal Rule of Civil Procedure 38(b).

Respectfully submitted,

**KARPF, KARPF & CERUTTI, P.C.**

By:

Ari R. Karpf, Esq. (91538)
8 Interplex Drive, Suite 210
Feasterville-Trevose, PA 19053
akarpf@karpf-law.com
(215) 639-0801

Dated: May 11, 2026

**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

**CASE MANAGEMENT TRACK DESIGNATION FORM**

| | | |
|---|---|---|
| Bernard Otero | : | CIVIL ACTION |
| v. | : | |
| Penney Opco LLC d/b/a JC Penney, et al. | : | NO. |

In accordance with the Civil Justice Expense and Delay Reduction Plan of this court, counsel for plaintiff shall complete a Case Management Track Designation Form in all civil cases at the time of filing the complaint and serve a copy on all defendants. (See § 1:03 of the plan set forth on the reverse side of this form.) In the event that a defendant does not agree with the plaintiff regarding said designation, that defendant shall, with its first appearance, submit to the clerk of court and serve on the plaintiff and all other parties, a Case Management Track Designation Form specifying the track to which that defendant believes the case should be assigned.

**SELECT ONE OF THE FOLLOWING CASE MANAGEMENT TRACKS:**

(a) Habeas Corpus – Cases brought under 28 U.S.C. § 2241 through § 2255.    ( )

(b) Social Security – Cases requesting review of a decision of the Secretary of Health
and Human Services denying plaintiff Social Security Benefits.    ( )

(c) Arbitration – Cases required to be designated for arbitration under Local Civil Rule 53.2.    ( )

(d) Asbestos – Cases involving claims for personal injury or property damage from
exposure to asbestos.    ( )

(e) Special Management – Cases that do not fall into tracks (a) through (d) that are
commonly referred to as complex and that need special or intense management by
the court. (See reverse side of this form for a detailed explanation of special
management cases.)    ( )

(f) Standard Management – Cases that do not fall into any one of the other tracks.    (x )

| 5/11/2026 | | Plaintiff |
|---|---|---|
| **Date** | **Attorney-at-law** | **Attorney for** |
| 215-639-0801 | 215-639-4970 | akarpf@karpf-law.com |
| **Telephone** | **FAX Number** | **E-Mail Address** |

**(Civ. 660) 10/02**

10/2024

## UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

### DESIGNATION FORM

Place of Accident, Incident, or Transaction: <u>Defendants place of business</u>

---

***RELATED CASE IF ANY:*** Case Number:_____ Judge:_____

1. Does this case involve property included in an earlier numbered suit?      Yes ☐

2. Does this case involve a transaction or occurrence which was the subject of an earlier numbered suit?      Yes ☐

3. Does this case involve the validity or infringement of a patent which was the subject of an earlier numbered suit?      Yes ☐

4. Is this case a second or successive habeas corpus petition, social security appeal, or pro se case filed by the same individual?      Yes ☐

5. Is this case related to an earlier numbered suit even though none of the above categories apply? If yes, attach an explanation.      Yes ☐

I certify that, to the best of my knowledge and belief, the within case ☐ **is** / ☒ **is not** related to any pending or previously terminated action in this court.

---

**Civil Litigation Categories**

**A.** *Federal Question Cases:*

☐ 1. Indemnity Contract, Marine Contract, and All Other Contracts)
☐ 2. FELA
☐ 3. Jones Act-Personal Injury
☐ 4. Antitrust
☐ 5. Wage and Hour Class Action/Collective Action
☐ 6. Patent
☐ 7. Copyright/Trademark
☐ 8. Employment
☐ 9. Labor-Management Relations
☒ 10. Civil Rights
☐ 11. Habeas Corpus
☐ 12. Securities Cases
☐ 13. Social Security Review Cases
☐ 14. Qui Tam Cases
☐ 15. Cases Seeking Systemic Relief **\*see certification below\***
☐ 16. All Other Federal Question Cases. *(Please specify):*_____

**B.** *Diversity Jurisdiction Cases:*

☐ 1. Insurance Contract and Other Contracts
☐ 2. Airplane Personal Injury
☐ 3. Assault, Defamation
☐ 4. Marine Personal Injury
☐ 5. Motor Vehicle Personal Injury
☐ 6. Other Personal Injury *(Please specify)*:_____
☐ 7. Products Liability
☐ 8. All Other Diversity Cases: *(Please specify)*_____
_____

I certify that, to the best of my knowledge and belief, that the remedy sought in this case ☐ **does** / ☒ **does not** have implications beyond the parties before the court and ☐ **does** / ☒ **does not** seek to bar or mandate statewide or nationwide enforcement of a state or federal law including a rule, regulation, policy, or order of the executive branch or a state or federal agency, whether by declaratory judgment and/or any form of injunctive relief.

---

### ARBITRATION CERTIFICATION (CHECK ONLY ONE BOX BELOW)

I certify that, to the best of my knowledge and belief:

☒ Pursuant to Local Civil Rule 53.2(3), this case is not eligible for arbitration either because (1) it seeks relief other than money damages; (2) the money damages sought are in excess of $150,000 exclusive of interest and costs; (3) it is a social security case, includes a prisoner as a party, or alleges a violation of a right secured by the U.S. Constitution, or (4) jurisdiction is based in whole or in part on 28 U.S.C. § 1343.

☐ None of the restrictions in Local Civil Rule 53.2 apply and this case is eligible for arbitration.

NOTE: A trial de novo will be by jury only if there has been compliance with F.R.C.P. 38.

JS 44 (Rev. 04/21)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS
OTERO, BERNARD

**DEFENDANTS**
PENNEY OPCO LLC D/B/A JC PENNEY, ET AL.

**(b)** County of Residence of First Listed Plaintiff    Lehigh
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant    Collin
*(IN U.S. PLAINTIFF CASES ONLY)*
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*
Ari R. Karpf, Esq.; Karpf, Karpf & Cerutti, P.C., 8 Interplex Drive, Suite 210, Feasterville-Trevose, PA 19053; 215-639-0801; akarpf@karpf-law.com

Attorneys *(If Known)*

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

- [ ] 1 U.S. Government Plaintiff
- [X] 3 Federal Question *(U.S. Government Not a Party)*
- [ ] 2 U.S. Government Defendant
- [ ] 4 Diversity *(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)*
*(For Diversity Cases Only)*

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | [ ] 1 | [ ] 1 | Incorporated *or* Principal Place of Business In This State | [ ] 4 | [ ] 4 |
| Citizen of Another State | [ ] 2 | [ ] 2 | Incorporated *and* Principal Place of Business In Another State | [ ] 5 | [ ] 5 |
| Citizen or Subject of a Foreign Country | [ ] 3 | [ ] 3 | Foreign Nation | [ ] 6 | [ ] 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*
Click here for: Nature of Suit Code Descriptions.

| CONTRACT | TORTS | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|
| [ ] 110 Insurance | **PERSONAL INJURY**   **PERSONAL INJURY** | [ ] 625 Drug Related Seizure of Property 21 USC 881 | [ ] 422 Appeal 28 USC 158 | [ ] 375 False Claims Act |
| [ ] 120 Marine | [ ] 310 Airplane   [ ] 365 Personal Injury - | [ ] 690 Other | [ ] 423 Withdrawal 28 USC 157 | [ ] 376 Qui Tam (31 USC 3729(a)) |
| [ ] 130 Miller Act | [ ] 315 Airplane Product     Product Liability | | | [ ] 400 State Reapportionment |
| [ ] 140 Negotiable Instrument |     Liability   [ ] 367 Health Care/ | | **INTELLECTUAL PROPERTY RIGHTS** | [ ] 410 Antitrust |
| [ ] 150 Recovery of Overpayment    & Enforcement of Judgment | [ ] 320 Assault, Libel &     Pharmaceutical     Slander     Personal Injury | | [ ] 820 Copyrights | [ ] 430 Banks and Banking |
| [ ] 151 Medicare Act | [ ] 330 Federal Employers'     Product Liability | | [ ] 830 Patent | [ ] 450 Commerce |
| [ ] 152 Recovery of Defaulted    Student Loans    (Excludes Veterans) |     Liability   [ ] 368 Asbestos Personal     Injury Product | | [ ] 835 Patent - Abbreviated     New Drug Application | [ ] 460 Deportation |
| | [ ] 340 Marine     Liability | | [ ] 840 Trademark | [ ] 470 Racketeer Influenced and     Corrupt Organizations |
| [ ] 153 Recovery of Overpayment    of Veteran's Benefits | [ ] 345 Marine Product     Liability   **PERSONAL PROPERTY** | **LABOR** | [ ] 880 Defend Trade Secrets     Act of 2016 | [ ] 480 Consumer Credit     (15 USC 1681 or 1692) |
| [ ] 160 Stockholders' Suits | [ ] 350 Motor Vehicle   [ ] 370 Other Fraud | [ ] 710 Fair Labor Standards     Act | | [ ] 485 Telephone Consumer |
| [ ] 190 Other Contract | [ ] 355 Motor Vehicle   [ ] 371 Truth in Lending | [ ] 720 Labor/Management | |     Protection Act |
| [ ] 195 Contract Product Liability |     Product Liability   [ ] 380 Other Personal |     Relations | **SOCIAL SECURITY** | [ ] 490 Cable/Sat TV |
| [ ] 196 Franchise | [ ] 360 Other Personal     Property Damage | [ ] 740 Railway Labor Act | [ ] 861 HIA (1395ff) | [ ] 850 Securities/Commodities/ |
| |     Injury   [ ] 385 Property Damage | [ ] 751 Family and Medical | [ ] 862 Black Lung (923) |     Exchange |
| | [ ] 362 Personal Injury -     Product Liability |     Leave Act | [ ] 863 DIWC/DIWW (405(g)) | [ ] 890 Other Statutory Actions |
| |     Medical Malpractice | [ ] 790 Other Labor Litigation | [ ] 864 SSID Title XVI | [ ] 891 Agricultural Acts |
| **REAL PROPERTY** | **CIVIL RIGHTS**   **PRISONER PETITIONS** | [ ] 791 Employee Retirement | [ ] 865 RSI (405(g)) | [ ] 893 Environmental Matters |
| [ ] 210 Land Condemnation | [ ] 440 Other Civil Rights   **Habeas Corpus:** |     Income Security Act | | [ ] 895 Freedom of Information |
| [ ] 220 Foreclosure | [ ] 441 Voting   [ ] 463 Alien Detainee | | **FEDERAL TAX SUITS** |     Act |
| [ ] 230 Rent Lease & Ejectment | [ ] 442 Employment   [ ] 510 Motions to Vacate | | [ ] 870 Taxes (U.S. Plaintiff | [ ] 896 Arbitration |
| [ ] 240 Torts to Land | [ ] 443 Housing/     Sentence | |     or Defendant) | [ ] 899 Administrative Procedure |
| [ ] 245 Tort Product Liability |     Accommodations   [ ] 530 General | | [ ] 871 IRS—Third Party |     Act/Review or Appeal of |
| [ ] 290 All Other Real Property | [X] 445 Amer. w/Disabilities -   [ ] 535 Death Penalty | |     26 USC 7609 |     Agency Decision |
| |     mployment   **Other:** | **IMMIGRATION** | | [ ] 950 Constitutionality of |
| | [ ] 446 Amer. w/Disabilities -   [ ] 540 Mandamus & Other | [ ] 462 Naturalization Application | |     State Statutes |
| |     Other   [ ] 550 Civil Rights | [ ] 465 Other Immigration | | |
| | [ ] 448 Education   [ ] 555 Prison Condition |     Actions | | |
| |   [ ] 560 Civil Detainee -     Conditions of     Confinement | | | |

## V. ORIGIN *(Place an "X" in One Box Only)*

- [X] 1 Original Proceeding
- [ ] 2 Removed from State Court
- [ ] 3 Remanded from Appellate Court
- [ ] 4 Reinstated or Reopened
- [ ] 5 Transferred from Another District *(specify)*
- [ ] 6 Multidistrict Litigation - Transfer
- [ ] 8 Multidistrict Litigation - Direct File

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
ADA (42USC12101); Title VII (42USC2000); ADEA (29USC621)
Brief description of cause:
Violations of the ADA, Title VII, ADEA and the PHRA.

## VII. REQUESTED IN COMPLAINT:
- [ ] CHECK IF THIS IS A **CLASS ACTION** UNDER RULE 23, F.R.Cv.P.

DEMAND $

CHECK YES only if demanded in complaint:
JURY DEMAND: [X] Yes [ ] No

## VIII. RELATED CASE(S) IF ANY
*(See instructions):*   JUDGE _____ DOCKET NUMBER _____

DATE   5/11/2026     SIGNATURE OF ATTORNEY OF RECORD

**FOR OFFICE USE ONLY**

RECEIPT # _____ AMOUNT _____ APPLYING IFP _____ JUDGE _____ MAG. JUDGE _____